## COWART & REEVES v. W. P. EDWARDS ET AL.

### No. 317.

**1. Sale of Patent Right.**—Appellees purchased of appellants the right to sell, in a certain territory in Texas containing fifty-five counties, a patent right known as a " Grip Wheel Windlass," for which they were to pay $25 for each county when sold. After making honest effort at heavy loss to vend the windlass, they almost wholly failed. The burden was upon the plaintiff to show that facts had transpired to fix liability upon the defendants. The court below was warranted in finding that the article was unsaleable, and judgment in favor of defendants was not disturbed.

**2. Time of Performance.**—Where no date for the performance of a contract is fixed, it is to be performed within a reasonable time.

**3. Ability to Make Sales.**—When a contract is so framed as to make the plaintiff's right of recovery depend upon defendant's ability to make sales, they can not escape liability by refusing, without good reason or upon unfounded charges of misrepresentation and defective title, to go on with the undertaking;

but the proof warranted the conclusion that the patent was unsaleable, and there was no proof of failure on part of defendants to make efforts to sell.

**4. Cause of Action—Pleadings.**—The cause of action set up was based upon the refusal of defendants to sell any counties, the petition charging that they had " failed to sell even one county." Plaintiffs were therefore not entitled to recover $25 for the county sold.

ERROR from Fayette.   Tried below before Hon. H. TEICHMUELLER.

*John T. Duncan* and *J. E. Shropshire*, for plaintiffs in error.—1.  The court erred in rendering a judgment for the defendants in this cause, and denying the plaintiffs any relief whatever, because, under the undisputed facts, the plaintiffs were entitled to a judgment for damages on account of the willful refusal of the defendants to make a sale of the property which they held under the contract out of which they were to create the fund to pay plaintiffs' debt.

2.  When a party has undertaken absolutely to do a thing, he is not excused from liability by the occurrence of events which render the performance of his promise impossible.   3 Am. and Eng. Encycl. of Law, 900.   A contract is not to be treated as having become impossible of performance if by reasonable construction it is still capable in substance of being performed.

*Brown, Lane & Jackson*, for defendants in error.—The judgment rendered below was correct, and should be affirmed.   Under the allegations of plaintiffs, they could only recover by proving, (1) that the property for which the contract in suit was given was saleable; (2) that a reasonable time had elapsed within which defendants could have made the sales; (3) that their failure to sell was due either to the negligence of themselves or their refusal to carry out the contract.   There were no such allegations in their petition as would authorize the court to give them judgment for $25 for one county sold, or for a rescission of the contract.

WILLIAMS, ASSOCIATE JUSTICE.—Plaintiffs in error brought this suit to recover of defendants the sum of $1400, claimed to be due to plaintiffs from defendants upon the following contract:

"*State of Texas, County of Fayette.*—Know all men by these presents, that we, W. P. Edwards and J. W. Tansey, this day foreclosed (or purchased) from T. E. Cowart and B. R. Reeves a certain territory in the State of Texas to sell a certain patent right known as the 'Grip Wheel Windlass.'   The conditions of the said sale and transfer named in the deed are, that we agree to pay the grantors, Cowart and Reeves, the sum of $25 for each of the following counties, the payment to be made when we sell a county; that is, on each county when sold:   Galveston

[and fifty-five other counties named], the money to be paid into the First National Bank of Flatonia, subject to the order of Cowart and Reeves.

"August 27, 1890.

"W. P. Edwards,
"J. W. Tansey,
"W. L. Edwards, Surety,
"Job Tansey, Surety.

"Witness:   M. A. Hopkins."

The cause was tried without a jury, and the judge, after hearing the evidence offered by plaintiffs, rendered judgment for defendants upon the following findings of fact and conclusions of law:

"*Findings of Fact and Conclusions of Law.*—1.  A general demurrer to the petition was overruled on the following grounds:

"(1)  That the contract which is the basis of the suit is not to be held void.

"(2)  By reason of the absence of any stipulation by the parties as to the time within which the defendants were to perform their assumed obligations, the law implies that it should be done in a reasonable time.

"(3)  The petition alleges, substantially, that a reasonable time has elapsed within which the defendants could have made sales; that the patent rights conveyed were saleable, and that the failure of the defendants to sell was due to their negligence or to their unwarranted repudiation of the entire contract.

"2.  After plaintiffs had introduced their evidence the court declined to hear evidence of the defendants, and invited counsel of plaintiffs to present his legal views showing that the facts proved by him support his cause and entitle him to recover.

"Evidence offered by plaintiffs established the following:

"*Second Findings.*—1.  The execution of the contract.

"2.  The failure of defendants to make any sales except one.

"3.  Their abandonment or repudiation of the contract, on the alleged ground that plaintiffs had misled them by false and fraudulent representations, and because they have found the whole enterprise a mistaken and unprofitable speculation.

"4.  That the plaintiffs have made no fraudulent representations to defendants, whatever illusory opinions they may have expressed concerning the prospect of realizing great profits from their joint venture.

"5.  No facts are shown tending to prove that defendants could have effected sales if, instead of abandoning a visionary project, they had devoted their entire time and energy to its prosecution.

"*Third Conclusions.*—1.  Since the contract is silent as to the time within which it is the duty of the defendants to perform their part of the agreement, the plaintiffs, in order to be entitled to recover damages sued

for, must prove, first, that the property in question was saleable; second, that a reasonable time has elapsed to make the sales; third, that the failure to sell is due either to the negligence or refusal of the defendants to carry out the contract. Having failed to prove these facts, the plaintiffs are not entitled to recover damages.

" 2. Suing alone for damages claimed by reason of the alleged wrong of nonperformance by defendants, the plaintiffs can not, at least in this suit, recover judgment for $25 on the ground that the evidence shows the sale of one patent right; nor do the allegations of the petition warrant the rescission of the contract and restoration of the property in question to the plaintiffs.

" 3. Defendants are entitled to judgment."

The facts found by the district judge are established by the evidence. It is proper to add, that the evidence offered by plaintiffs was sufficient to show that defendants had made honest efforts to sell the patent right in the counties named in the contract, and had failed to sell the same except in one county. It further appeared, that as early as October 23 following the making of the contract, Edwards, one of the defendants, became dissatisfied, and by a letter addressed to one of the plaintiffs, expressed an intention not to further carry out the agreement, charging that misrepresentations had been made by plaintiffs, and that the right to sell the windlass in the same territory was held by other men. Subsequently further correspondence ensued, in which these complaints were repeated, and in which it was claimed that the original patentee had sold the same territory to other persons before plaintiffs had bought the right to control the sale of the windlass in the State. These charges were not true, according to the evidence.

This, with the facts found by the court below, constitutes all the material evidence.

The contract did not bind the defendants absolutely to pay $25 for each of the fifty-six counties. Their obligation to make payments was to become fixed as the sales of counties should be made; and no cause of action could arise until such sales were made, or until the defendants failed or refused to make sales when it was in their power to do so. This, we think, is the just construction of the agreement. By framing the contract as it was framed, the plaintiffs made their right to the consideration, beyond the amount of the note, depend to this extent upon the ability of the defendants to make the contemplated sales; and we agree with the court below in the opinion that a reasonable time was intended in which sales might be made. The rights of plaintiffs under the contract did not, however, wholly depend upon the caprice of the defendants. They could not escape liability by refusing, without good reason or upon unfounded charges of misrepresentation and defective title, to go on with the undertaking; and had the facts adduced by plaintiffs

shown only such a case, the judgment might have been different.  But as before seen, the evidence warranted the court below in finding that the patent was unsaleable, and that there was no sufficient proof of a failure on the part of defendants to make proper efforts to sell.  It is unnecessary for us to determine what should be the effect in such a case of evidence tending to show the unsaleability of the article where no effort had been made to sell.  Here it is shown by the plaintiffs' own evidence that the defendants did try, at heavy loss to themselves, to vend the windlass, and almost wholly failed.  The burden was upon the plaintiffs to show that the facts had transpired to fix liability upon the defendants, inasmuch as it did not result from the contract alone, and they failed to do so.

The pleadings were not shaped so as to entitle plaintiffs to a judgment for $25 for the county sold.  The cause of action set up was based upon the refusal of the defendants to sell any of the counties, the petition charging that they " failed to sell even one county."

For the same reason, there was no error in not adjudging a rescission of the contract.  No such relief was sought.

The judgment is affirmed.

*Affirmed.*

Delivered October 19, 1893.